IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| KEVIN MCKEEHAN, | : | Case No. 1:22-cv-94 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TFORCE FREIGHT, et al., | : | |
| Defendants. | : | |

**ORDER AWARDING DAMAGES, ATTORNEY'S FEES, AND COSTS**

This matter is before the Court on Plaintiff Kevin McKeehan's Motion for Default Judgment (Doc. 17). On December 28, 2023, the Court granted Plaintiff's Motion for Default Judgment as to his Fair Debt Collection Practices Act claims against Defendants TForce Freight and United Parcel Post but requested supplemental briefing as to damages, costs, and attorney's fees. (*See* Default Judgment, Doc. 19.) Plaintiff has since filed additional supporting documentation. (*See* Damages Briefing, Doc. 20; Response to Order, Doc. 22.) This matter is therefore ripe for review, and the Court awards the following damages, attorney's fees, and costs.

**I.   Setting Aside Default Judgment Entered Against United Parcel Post**

On December 28, 2023, the Court granted default judgment against Defendants TForce Freight and United Parcel Post but reserved ruling on the question of damages. (Default Judgment, Doc. 19.) While the Complaint lists United Parcel Post as a Defendant, it thereafter refers to this entity as "UPS." (Compl., Doc. 1, Pg. ID 41.) On February 13,

2025, the Court sua sponte ordered Plaintiff to clarify the discrepancy between the Defendant named as "United Parcel Post" in the Complaint and Summons, and Plaintiff's apparent request to seek relief against "United Parcel Service" or "UPS." (2/13/2025 Notation Order.) The Court further ordered that Plaintiff "show how service was perfected as to the Defendant in question." (*Id.*) Plaintiff responded by filing a notice of voluntary dismissal as to Defendant United Parcel Post. (Notice of Dismissal, Doc. 23; *see also* Response to Show Cause Order, Doc. 24.)

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause, as well as to set aside a *final* default judgment for the reasons listed in Rule 60(b). In pertinent part, Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" when there was "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). When considering either a motion to set aside a final default judgment under Rule 60(b) or a motion to set aside an entry of default under Rule 55(c), courts contemplate: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (explaining the shared standard but that the analysis is "more demanding" under Rule 60(b)).

It is well established, however, that "Rule 60(b) applies only to final, appealable judgments." *Dassault Systemes*, 663 F.3d at 840. An order is considered "final" when it "ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment." *Bd. of Trs. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Loc. Union No. 392 v. Humbert*, 884 F.3d 624, 625 (6th Cir. 2018) (quotation omitted). "An order granting default judgment without any judgment entry on the issue of damages," such as the one entered against Defendant United Parcel Post here, "is no more than an interlocutory order to which Rule 60(b) does not yet apply." *Dassault Systemes*, 663 F.3d at 840; *see also Humbert*, 884 F.3d at 625-26. The Court has not entered damages as to Defendant United Parcel Post, so there has been no final default judgment. In turn, the "more lenient Rule 55(c) [good cause] standard governs." *Dassault Systemes*, 663 F.3d at 840.

In light of the apparently inadvertent naming of "United Parcel Post," paired with Plaintiff's notice of voluntarily dismissal as to Defendant United Parcel Post, the Court finds good cause to set aside the entry of default—as well as the default judgment—against Defendant United Parcel Post. In any event, the Court finds that this situation meets the Rule 60(b) standard as well. The default judgment entered against Defendant TForce Freight remains unchanged.

### II.     Damages as to Defendant TForce Freight

The Court now proceeds to assessing the damages against Defendant TForce Freight. A default judgment on well-pleaded allegations "establishes only liability and the plaintiff must still establish the extent of the damages." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-CV-308, 2013 WL 693168, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). While unanswered allegations may result in liability, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010

WL 2572713, at *4 (E.D. Mich. June 23, 2010). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

The Court granted default judgment against Defendant TForce Freight as to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim. (Default Judgment, Doc. 19.) The FDCPA—aimed at "eliminat[ing] abusive debt collection practices by debt collectors"—allows courts to award up to $1,000 in statutory damages. 15 U.S.C. § 1692(e), 1692k(a)(2)(A). Proof of actual damages is not a prerequisite to recover such statutory damages. *Brown*, 2013 WL 693168, at *1 (citing *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994)). In awarding FDCPA statutory damages, courts consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Here, Plaintiff requests FDCPA statutory damages of "$1,000 against each Defendant and that the Court consider an award for each of the violations." (Damages Briefing, Doc. 20, Pg. ID 229.) Taking the allegations in the Complaint as true, "Defendants [sent] threatening notices and telephone calls harassing [Plaintiff] continuously in connection with the collection of $1,250.72." (Compl., Doc. 1, ¶ 30; *see also* ¶¶ 37-38, 40.) Defendants continued to harass Plaintiff despite Plaintiff's attorney sending a cease-and-desist letter. (*Id.* at ¶¶ 31-32.) In light of Defendant TForce Freight's multiple harassing phone calls, as well as evidently remaining undeterred despite a cease-and-

4

desist letter, the Court finds an award of $1,000 in statutory damages to be appropriate. *See, e.g., Fultz v. Zirpola*, No. 5:21-CV-43, 2021 WL 4975100, at *3 (N.D. Ohio Oct. 26, 2021) (awarding full $1,000 in statutory damages when violations were "numerous, egregious, and intentional"); *Calvert v. Smith*, No. 1:22-CV-384, 2023 WL 5804182, at *3 (S.D. Ohio Sept. 7, 2023) (similar). Though Plaintiff also asks the Court to consider an award for each specific violation, he has not provided authority or additional reasoning as to why such damages are warranted here. *See Wright*, 22 F.3d at 651 (holding that FDCPA statutory damages are limited to "$1,000 'per proceeding' rather than 'per violation'"). For these reasons, the Court awards $1,000 in statutory damages.

### III. Attorney's Fees

In the case of a successful action, the FDCPA allows for an award of "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Specifically, courts use the well-established lodestar method as the starting point for determining an award of reasonable attorney's fees. *Imwalle v. Reliance Medical Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is calculated by simply "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.*

#### A. Reasonable Hourly Rate

District courts have broad discretion in determining a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). Generally, courts consider the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate, in turn, is "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of

5

record." *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

As a practicing attorney with over 45 years of experience, Plaintiff's counsel seeks an hourly rate of $400. (Damages Briefing, Doc. 20, Pg. ID 229-30; Green Aff., Doc. 22-2, Pg. ID 236.) The Court finds the rate of $400 per hour to be reasonable in this context. *See, e.g., Morton v. O'Brien*, No. 2:18-CV-445, 2022 WL 1637725, at *3-4 (S.D. Ohio May 24, 2020) (finding rates of both $400 per hour for an attorney with between 16 to 20 years of experience and $425 per hour for an attorney with over 41 years of experience to be reasonable in FDCPA case).

### B. Reasonable Number of Hours

When determining the reasonable number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 WL 693168, at *3 (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). "In addition, the documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended." *Id.* (citing *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D Ohio 2010)).

Plaintiff requests to be awarded attorney's fees for 6.25 billed hours on this case. (Damages Briefing, Doc. 20, Pg. ID 230.) Counsel has submitted an itemized invoice that

6

includes detailed descriptions of the requested billable hours, as well as hours worked by counsel for which he does not seek attorney's fees. (Invoice, Doc. 22-1, Pg. ID 235.) *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 9849810, at *3 (S.D. Ohio Nov. 18, 2020) (recognizing that counsel had "written off significant non-compensable time," including "time responding to a show cause order"). The Court finds that these 6.25 hours are supported by detailed documentation and that "[a] reasonable attorney would have believed that these hours needed to be reasonably expended in pursuit of the default judgment." *Brown*, 2013 WL 693168, at *3 (finding 7.6 hours to be reasonable time expended to prepare the complaint, apply for entry of default, and file a motion for default judgment in FDCPA case).

### C. The Lodestar Amount

As established above, Plaintiff's counsel reasonably seeks attorney's fees in the amount of $2,500 for allocating 6.25 hours to this matter at a rate of $400 per hour. (Damages Briefing, Doc. 20, Pg. ID 229-30.) Therefore, Plaintiff is awarded a total of $2,500 in attorney's fees.

### IV. Costs

Finally, Plaintiff seeks an award of costs in the amount of $402, which represents the filing fee in this matter. (Damages Briefing, Doc. 20, Pg. ID 229; Compl., Doc. 1.) The FDCPA authorizes an award of such costs. *See* 15 U.S.C. § 1692k(a)(3); *Searcy*, 2020 WL 9849810, at *4 (collecting cases). Therefore, the Court finds $402 in costs to be reasonable and compensable pursuant to the FDCPA.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. The Entry of Default, as well as the Default Judgment, against Defendant United Parcel Post are both **SET ASIDE**;

2. Defendant United Parcel Post is **DISMISSED WITH PREJUDICE**, pursuant to Plaintiff's Notice of Dismissal (Doc. 23);

3. Plaintiff is **AWARDED** $1,000.00 in FDCPA statutory damages against Defendant TForce Freight;

4. Plaintiff is **AWARDED** $2,500.00 in attorney's fees against Defendant TForce Freight;

5. Plaintiff is **AWARDED** $402.00 in costs against Defendant TForce Freight; and

6. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND